84056-2

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.
(Related Case No.: 17-CV-20198-UU)

PANDORA A/S, a Danish Corporation and
Pandora Jewelry, LLC, a Maryland limited
liability company

      Petitioners,

vs.

B&B JEWELRY, INC.,
a Florida corporation,

      Respondent.

_____/

## NOTICE AND PETITION FOR REMOVAL AND NOTICE OF RELATED ACTION

B&B Jewelry, Inc. ("B&B"), by and through its undersigned counsel hereby files this Notice and Petition for Removal pursuant to 9 U.S.C. § 202 et seq., §§ 28 U.S.C. 1331, 1441, and 1446, and Notice of Related action pursuant to Local Rule 3.8 and hereby petitions for removal of this action from the Circuit Court in and for the Eleventh Judicial Circuit of Miami-Dade County, Florida to the United States District Court for the Southern District of Florida and be assigned to the Honorable Judge Ursula Ungaro and as grounds in support states as follows:

### INTRODUCTION

1. On January 4, 2017, B&B initiated an action against Pandora Jewelry LLC d/b/a/ Pandora Jewelry U.S. ("Pandora") and Franck Saragossi in Florida State Court.

2. Pandora and Mr. Saragossi removed the action to this Court on January 17, 2017. Pandora and Mr. Saragossi removed this case under the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), 9 U.S.C. § 202 et seq. and §§ 28 U.S.C. 1331, 1441, and 1446, the same statutes for removal used in this Petition.

3.   The United States District Courts have original jurisdiction over claims brought pursuant to the Convention.

4.   The Convention requires contracting states to enforce arbitration agreements between parties who are citizens of those contracting states, and if the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.  9 U.S.C. § 202.

5.   The prior case was assigned to the Honorable Ursula Ungaro and identified by case number 17-CV-20198-UU.

6.   Concluding the prior case, Judge Ungaro found that no agreement to arbitrate existed under the Convention and remanded the case to State Court. *B & B Jewelry, Inc. v. Pandora Jewelry LLC*, 247 F. Supp. 3d 1283 (S.D. Fla. 2017).

7.   In contravention of this Court's ruling, Pandora and Pandora A/S proceeded to arbitrate in Denmark, before the Danish Institute of Arbitration ("DIA"), on Pandora's affirmative defenses to the action filed by B&B.

8.   B&B participated in the arbitration only for the limited purpose of objecting to DIA jurisdiction and the arbitration, based on this Court's rulings.  The DIA arbitrator denied all of B&B's objections,  and conducted a final hearing in which B&B did not participate or appear.

9.   Once the prior action was remanded to State Court, Pandora and Mr. Saragossi again moved to compel arbitration. Following an evidentiary hearing on B&B's Motion for Temporary

Injunction, Judge Monica Gordo found that no agreement, much less an agreement to arbitrate, existed.

10. Pandora nevertheless proceeded to obtain an arbitration award from the DIA.

11. Judge Gordo was rotated out of her division and, thereafter, Judge Rodolfo Ruiz presided over a subsequent hearing on Pandora's motion to compel arbitration. Judge Ruiz found that the expired agreements in question were not ambiguous, but relying on testimony outside the scope of the agreements, rejected Judge Ungaro's conclusion and ruled that a valid agreement to arbitrate existed and compelled arbitration.  Judge Ruiz's ruling was issued months *after* Pandora obtained the subject DIA arbitration award.

12. Pandora and Pandora A/S, Pandora's parent company located in Denmark, have now filed in State Court the attached Petition to Confirm Foreign Arbitration Award ("Petition") [Exhibit 1] and a Memorandum of Law in Support of the Petition [Exhibit 2] to domesticate and enforce the award they received in Denmark, in contravention of this Court's March 23, 2017 Order.

### GROUNDS FOR REMOVAL

### I.   The Convention Provides for Original Federal Jurisdiction.

13. On the face of the Petition, Pandora and Pandora A/S state: "This is a proceeding pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, to confirm a foreign arbitral award in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention") and to have judgment entered thereon." (Petition ¶ 1 [Ex. 1])

14. Petitioners also specifically allege that this effort to confirm the arbitral award falls under the Convention:

44. The United States and Denmark are both sgnatories to the Convention. *See* List of Contracting States http://www.newyorkconvention.org/list+of+contracting+states.

45. The convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 201 *et seq*.

46. The Final Award is governed by the Convention because it was rendered pursuant to an agreement to arbitrate between citizens of contracting states to the Convention that satisfies the requirements of 9 U.S.C. § 202. Specifically, the 2012 Agreements are (1) in writing, (2) provide for arbitration in Denmark, and (3) arise out of a legal, commerical relationship. *See* Ex. 2 § 28.2; Ex. 3 §32.2. Further, Pandora A/S, a party to the 2012 Agreements, is not an American citizen, and the parties'relationship envisages both performance and enforcement abroad, and has a reasonable relation with foreign states.

(Petition [Ex. 1])

15. Section 9 U.S.C. 203 bestows original jurisdiction upon this Court, "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

16. Section 207 of the Federal Arbitration Act states, "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

17. In the prior case before this Court, the Court correctly determined that B&B's claims did not fall under the Convention because: (a) there was no valid, written agreement to arbitrate; and (b) B&B's claims were not based on and did not arise from the expired agreements upon which Pandora relied. *B & B*, 247 F. Supp. 3d 1283, 1287.

18. In the present case, however, this Court does have jurisdiction because Pandora now seeks to confirm an international arbitration award under the Convention. 9 U.S.C. §§ 202, 203. While B&B maintains that confirmation should be denied for reasons which include this Court's March 23, 2017 rulings in the prior case, the fact that Pandora now seeks to confirm a foreign arbitral award (which Pandora obtained in contravention of this Court's March 23, 2017 rulings) vests this Court with original jurisdiction pursuant to the Convention, 9 U.S.C. §§ 202, 203.

## II. Independent of the Convention, this Court also has Jurisdiction to Protect its Prior Orders from Inconsistent State Court Rulings.

19. The court also, independent of the Convention, has jurisdiction over the Petition under 28 U.S.C. §1651(a).

20. The All Writs Act "authorizes a federal court in exceptional circumstances to issue such orders to persons 'who, though not parties to the original action or engaged in wrongdoing, are *in a position to frustrate* the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.'" *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) (*citing Benjamin v. Malcolm,* 803 F.2d 46, 53 (2d Cir.1986)).

21. Accordingly, this Court "has the command to exercise its jurisdiction to avoid the real possibility of orders issuing from a state court that would be inconsistent with its own." *Nowling v. Aero Services Intern., Inc.*, 734 F. Supp. 733, 737–38 (E.D. La. 1990)

22. Pandora and Pandora A/S ignored this Court's prior ruling and proceeded to arbitrate their defenses to B&B's complaint before the Danish Institute of Arbitration ("DIA"). Despite B&B's repeated objections to DIA jurisdiction and the arbitration proceeding, Pandora and

Pandora A/S proceeded with arbitration and obtained an arbitral award. B&B did not participate in the arbitration, other than to object to the proceeding and DIA jurisdiction.

23. Pandora and Pandora A/S now seek to domesticate and enforce the arbitration award in Florida State Court, in an attempt to avoid this Court's March 23, 2017 rulings, frustrate the implementation of this Court's March 23, 2017 Order, and obtain an inconsistent decision from the State Court.

24. Venue is proper in this court pursuant to 28 U.S.C. § 1441 (a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

25. Written notice of this Notice and Petition for Removal will served on Petitioners and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Respectfully submitted,

By: */s/ Daniel K. Bandklayder*
Daniel K. Bandklayder, Esq. (286265)
danb@dkb-law.com
DANIEL K. BANDKLAYDER. P.A.
11130 N. Kendall Drive, Suite 104
Miami, Florida 33176
Tel: (305) 670-0242
Fax: (305) 670-0211

By: */s/ Brandon J. Hechtman*
Brandon J. Hechtman, Esq. (88652)
BHechtman@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard Suite 800
Coral Gables, Florida 33134
Tel.: (305) 448-3939
Fax: (305) 441-1745

*Counsel for B&B Jewelry, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 21, 2018, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Brandon J. Hechtman, Esquire

## SERVICE LIST

RICHMAN GREER, P.A
396 Alhambra Circle
North Tower — 14th Floor
Miami, FL 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
Manuel A. Garcia-Linares, Esq. (985252)
mlinares@richmangreer.com
brodriguez@richmangreer.com
Georgia A. Thompson, Esq. (100181)
gthompson@richmangreer.com

MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
Alexandra Moylan
amoylan@milesstockbridge.com
Michael E. Blumenfeld
mblumenfeld@milesstockbridge.com
John E. McCann, Jr.
jmccann@milesstockbridge.com

*Counsel for Defendants Pandora Jewelry LLC and Pandora A/S*