IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

| | | |
|---|---|---|
| PANDORA A/S, *et al.*, | * | |
| Petitioners, | * | |
| v. | * | Case No. 1:18-cv-21074-JAL |
| B&B JEWELRY, INC. | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PETITIONERS':
(1) OBJECTIONS TO REMOVAL UNDER THE
ALL WRITS ACT, 16 U.S.C. § 1651(a) AND (2) MOTION
TO STRIKE REFERENCES THERETO FROM DEFENDANT'S
<u>NOTICE OF REMOVAL</u>**

Petitioners Pandora A/S and Pandora Jewelry, LLC (together "Pandora" or "Petitioners"), by and through their undersigned attorneys, submit the Memorandum in Support of Petitioners': (1) Objections to Removal under the All Writs Act, 16 U.S.C. § 1651(a) and (2) Motion to Strike References thereto from Defendant's Notice of Removal.

**<u>INTRODUCTION</u>**

Pandora brings this action to confirm a foreign arbitral award recently entered in favor of Pandora in an arbitration proceeding administered by the Danish Institute of Arbitration (the "DIA"). The arbitration involved a dispute between the parties arising out of written agreements dated August 1, 2012 between B&B and Pandora A/S, pursuant to which B&B served as an exclusive distributor and franchisor of PANDORA® jewelry in certain South American countries.[1]

---

[1] The relevant contracts are: (1) a Master Distribution Agreement commencing from August 1, 2012 (the "MDA"); and (2) a Master Franchise Agreement, commencing from August 1, 2012 (the "MFA"). Copies of the MDA and MFA are attached as Exhibits 2 and 3 to Pandora's Petition to

1

The written agreements at issue are governed by Danish law and provide for arbitration of disputes under the rules of the DIA. In its Final Award, the Sole Arbitrator entered a declaratory judgment that under applicable Danish law the 2012 Agreements did not expire at the end of their Initial term on July 31, 2015, but were extended by course of performance so as to expire on July 31, 2017. (Final Award, Petition Ex. 1).

Pandora seeks confirmation of the Final Award pursuant to Section 207 of the Federal Arbitration Act ("FAA"), as it implements the Convention on the Recognition and Enforcement of Foreign Arbitral Final Awards of June 10, 1958, 21 U.S.T. 2517 (the "Convention"). 9 U.S.C. § 207. Consistent with the concurrent jurisdiction of state and federal courts under the Convention,[2] Pandora filed this suit in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") on February 22, 2018. By Notice dated March 21, 2018, Respondent B&B Jewelry, Inc. ("B&B") removed this case on two grounds: (1) pursuant to 9 U.S.C. § 205, which permits removal of actions related to the Convention; and (2) pursuant to the All Writs Act, 16 U.S.C. § 1651(a), which, authorizes a federal court, in exceptional circumstances, to issue orders necessary to prevent a state court from frustrating the implementation of a prior federal order.

---

Confirm Foreign Arbitration Award (the "Petition"). Hereinafter, the MDA and MFA shall collectively be referred to as the 2012 Agreements. Pandora incorporates herein by reference the exhibits attached to its Petition. As of the date of this filing, B&B has not yet filed a copy of the Petition and its Exhibits with the Court, preventing Petitioner from cross-referencing their ECF Numbers.

[2] Although Chapter 2 of the FAA vests original jurisdiction over Convention cases in the federal district courts, federal jurisdiction under the FAA is not exclusive and foreign arbitral awards can be enforced under the FAA in state court. *Benefit Assoc. Int.'l,* 816 So. 2d 164, 166 (Fla. 3rd DCA 2002) (citing *Allied Bruce Terminix Companies, Inc.,* 513 U.S. 265, 269-73 (1995)); *see also McDermott Int.'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991) (recognizing concurrent jurisdiction over Convention cases in federal and state courts).

Although the Petitioners acknowledge and do not contest B&B's removal of this action pursuant to 9 U.S.C. § 205, they object to removal under the All Writs Act as that statute is inapplicable to this case. First, federal law is clear that the All Writs Act does not provide a basis for removing a state court proceeding. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). Secondly, confirmation of the Final Award in this case would not frustrate the implementation of this Court's prior order in a separate action in which it remanded claims asserted by B&B against Pandora Americas and one of its employees, Franck Saragossi, (collectively the "U.S. Defendants") for lack of subject matter jurisdiction. *See B&B Jewelry, Inc. v. Pandora Jewelry, LLC*, 247 F.Supp.3d 1283 (S.D. Fla. 2017) (the "Remand Order").[3] This Court's procedural Remand Order in the B&B Action did not preclude Pandora A/S from seeking a declaratory judgment under Danish law regarding the disputed expiration of the 2012 Agreements in the context of the DIA arbitration proceedings.

Moreover, the procedural Remand Order resolved only the question of federal subject matter jurisdiction over B&B's claims, was not appealable to the Eleventh Circuit and did not preclude the State Court from revisiting the arbitrability of B&B claims upon remand of the B&B Action. In the Remand Order, this Court found that the U.S. Defendants "failed to meet their burden of establishing federal subject matter jurisdiction" based on a limited record, in which B&B asserted that after the alleged expiration of the 2012 Agreements, B&B had entered into a separate verbal agreement with Pandora Americas. *Id*., 247 F.Supp.3d at 1287. In the context of the remanded proceedings in the State Court, B&B's principal, Rafael Bild, admitted under oath that

---

[3] This Court's prior Remand Order was issued in Civil Action No. 1:17-cv-20198-UU. Upon remand, B&B's claims have proceeded in the State Court in a civil action encaptioned *B&B Jewelry Inc. v. Pandora Jewelry LLC, et al*., Case No. 2016-032176 CA 01. Hereinafter, this separate suit filed by B&B shall be referred to as the "B&B Action."

B&B and Pandora Americas never reached the alleged "verbal agreement" he described in the Affidavit previously relied upon by this Court in its Remand Order. In light of Mr. Bild's testimony in contradiction of his own prior Affidavit, the State Court during a hearing held on February 23, 2018 granted the U.S. Defendants' Motion to Compel Arbitration of B&B's claims to the DIA – a motion that this Court did not address and denied as moot in its earlier Remand Order.[4] At that hearing, the Honorable Rodolfo Ruiz of the State Court granted the U.S. Defendants' Motion to Compel Arbitration of B&B claims as asserted in the B&B Action, and indicated that he would enter a written Memorandum Opinion and Order to that effect.

Thus, as explained below, the All Writs Act neither provides grounds for removal, nor is otherwise applicable to this case. This Court, therefore, should strike those portions of the Notice of Removal invoking the All Writs Act and proceed with the merits of Pandora's Petition to confirm the Final Award in accordance with Sections 205 and 207 of the Convention.

## FACTUAL AND PROCEDURAL BACKGROUND

Under the 2012 Agreements, Pandora A/S granted B&B exclusive distribution and franchise rights for the sale of PANDORA® jewelry in certain South American countries. MDA§ 4.1; MFA §§ 4.1 - 4.3. The 2012 Agreements are "governed in all respects in accordance with Danish law and shall be construed and take effect as an agreement made in Denmark." MDA § 28.1; MFA § 32.1. With respect to dispute resolution, the Agreements provide as follows:

> PANDORA shall have the right to enforce ***any dispute or claim arising out of or in connection with this agreement*** in accordance with the Rules of Arbitration Procedure of the Danish Institute of Arbitration. The venue of arbitration shall be Copenhagen. The language of the proceeding shall be English.

---

[4] As of the date of this filing, Judge Ruiz has not yet issued his Opinion and Order. In lieu of that Order, Pandora attaches hereto as **Exhibit 1** the transcript of the February 23, 2018 hearing before Judge Ruiz. Pandora will supplement this filing with a copy of Judge Ruiz final Memorandum Opinion and Order when it is entered.

4

*Id*. ¶ 7 (citing MDA § 28.2; MFA § 32.2) (emphasis added).

In 2016, a dispute arose between the parties as to when the 2012 Agreements expired. B&B alleged that the 2012 Agreements had expired at the end of their initial 3-year term on July 31, 2015 (the "Initial Term"), and that its continuing franchise and distribution activities after that date were governed by a separate verbal agreement between B&B and Pandora Americas. (Final Award ¶¶ 2; 142; 147, Petition Ex. 1). Pandora maintained that the 2012 Agreements were extended by course of performance beyond their Initial Term and into a two-year renewal term ending on July 31, 2017 (the "Renewal Term"), and, as such, the 2012 Agreements continued to govern B&B's franchise and distribution activities in South America during the Renewal Term. (Final Award ¶146, Petition Ex. 1).

Premised on its claims of a separate verbal agreement with Pandora Americas, on December 16, 2016, B&B filed the B&B Action in the State Court. (Final Award ¶ 16(a), Petition Ex. 1). On January 17, 2017, Pandora initiated its arbitration proceedings by filing a Statement of Claim with the DIA in Copenhagen, Denmark. *See Pandora A/S, et al. v. B&B Jewelry Inc.,* DIA No. E-2588 (the "DIA Arbitration"). (Final Award ¶ 14, Petition Ex. 1). In its Statement of Claim, Pandora sought a declaration that, under governing Danish law, the 2012 Agreements were not assigned to Pandora Americas, Pandora A/S remained the contracting party, and the 2012 Agreements were extended by course of performance through the Renewal Term. (Final Award ¶ 67, Petition Ex. 1). Although Pandora A/S was the primary claimant in the DIA Arbitration, Pandora Americas also participated as a Claimant for the sole purpose of asserting an alternative claim that if found to have been assigned rights under the 2012 Agreements by Pandora A/S, the 2012 Agreements still continued by course of performance. (*Id.*) The Sole Arbitrator ultimately found that Pandora A/S had not assigned the 2012 Agreements to Pandora Americas and Pandora

5

A/S was the contracting party under the 2012 Agreements during both the Initial Term and the Renewal Term. (*Id.* ¶¶ 200-04).

**A.     The Remand Order in the B&B Action[5]**

The day after Pandora filed the arbitration, on January 18, 2017, the U.S. Defendants removed the B&B Action to this Court pursuant to 9 U.S.C. § 205. Simultaneous with the removal of the B&B Action, the U.S. Defendants moved to compel arbitration of B&B's claims in the DIA. In response to the U.S. Defendants' preliminary motions in this Court, B&B amended its initial Complaint, dropping a claim for breach of oral agreement in favor of the series of Florida statutory and related tort claims as set forth in an Amended Complaint. (*See* B&B Action (Fed) ECF No. 16). The U.S. Defendants again moved to compel arbitration. (*See* B&B Action (Fed) ECF No. 21). B&B cross-moved to remand the B&B Action back to the State Court for lack of subject matter jurisdiction. (*See* B&B Action (Fed) ECF. No. 18).

Focusing only on the briefing on B&B's Motion to Remand and the Affidavit of B&B's Rafael Bild, this Court remanded the B&B Action finding that Defendants "failed to meet their burden in establishing that this Court has jurisdiction." 247 F.Supp.3d. at 1287. This Court did so on a limited record and based on a finding that the Defendants, "did not attach any evidence or affidavits" in responding to B&B's Motion to Remand. *Id.*[6] For the limited purpose of deciding

---

[5] References to the record in the B&B Action will be indicated by the docket numbers of the pertinent pleadings and documents filed in this Court and in the State Court. If filed in this Court, references shall appear as "B&B Action (Fed) ECF No." If filed in State Court, references shall appear as "B&B Action (State) Dkt. No." The docket sheet for the B&B Action when pending in this Court is attached hereto as **Exhibit 2.** The docket sheet for the B&B Action as currently pending in the State Court is attached hereto as **Exhibit 3.**

[6] In the context of simultaneous briefing on the U.S. Defendants' Motion to Compel Arbitration, the U.S. Defendants submitted: (i) a Declaration of Franck Saragossi, attached to the U.S. Defendants' Motion to Compel Arbitration, B&B Action (Fed) ECF No. 4-1; and (ii) a Second Declaration of Franck Saragossi attached to its Reply in Support of the Motion to Compel

6

federal subject matter jurisdiction over the B&B Action, therefore, this Court accepted as "undisputed" Mr. Bild's testimony that "upon the expiration of the 2012 Agreements, Plaintiff and Defendant, Pandora Americas, continued to do business pursuant to a new verbal agreement and related understandings" and that B&B's claims arose out of alleged "breaches that occurred subsequent to the MDA's and MFA's expiration." *Id.* This Court further noted that the 2012 Agreements were with "Pandora Denmark, not Pandora Americas" and rejected the U.S. Defendants' attempt to invoke the arbitration agreement of Pandora A/S pursuant to theories of equitable estoppel, agency and third-party beneficiary. *Id*. at 5 n. 2. Based on these findings, this Court denied as moot and, therefore, did not consider the Defendants' Motion to Compel Arbitration and its supporting Declarations that genuinely disputed the purported verbal agreement between B&B and Pandora Americas and supported the U.S. Defendants' right to invoke the arbitration provisions of the 2012 Agreements on behalf of Pandora A/S. *Id.* at 6-7.

Additionally, throughout the B&B Action, Pandora consistently maintained the underlying question of whether the 2012 Agreements expired in 2015 or were extended by course of performance into the Renewal Term was a substantive question of Danish law for the arbitrator to decide in the context of the DIA Arbitration. (B&B Action (Fed), ECF No. 21 at 7 n.4 ("Pandora Americas disputes that the Agreements have expired, but that is an issue for the arbitrator, not this Court") (citing *Sourcing Unlimited, Inc. v. Asimco Int'l, Inc.*, 526 F.3d 38, 47 (1st Cir. 2008)); B&B Action (Fed), ECF No. 23, n. 7 (same); B&B Action (Fed), ECF No. 33 at 2 ("Defendants

---

Arbitration, B&B Action (Fed) ECF No. 33-1. In these Declarations, Mr. Saragossi disputed Bild's assertion that Pandora Americas entered into a separate verbal agreement with B&B, and testified that upon expiration of their Initial Term, the parties continued to do business pursuant to the 2012 Agreements. Saragossi Decl., ¶ 8; Saragossi 2nd Decl., ¶¶ 8-9  In its Remand Order, this Court did not consider these Declarations and denied the U.S. Defendants' Motion to Compel arbitration as "moot." Remand Order, 247 F.Supp.3d at 1287.

dispute those assertions [that the Agreements expired by their express terms…] which form the very basis of the arbitration proceeding now proceeding before the [] DIA….this Court need not resolve that underlying factual dispute…"); *see also id*. at 4 (same)).

B.     **Post-Remand Proceedings in the B&B Action**

As this Court did not consider Defendants' Motion to Compel Arbitration, the U.S. Defendants renewed their motion upon remand of the case back to the State Court. After full briefing by the parties (B&B Action (State) Dkt. Nos. 22, 68 & 73), the Honorable Monica Gordo, on November 14, 2017, held an initial hearing on Defendants' Motion to Compel Arbitration, but deferred ruling on that motion pending completion of a final hearing on Pandora A/S's declaratory judgment claims in the DIA Arbitration. (B&B Action (State) Dkt. No. 102, exhibit C thereto, 11/14/17 Transcript).

During the pendency of the Motion to Compel Arbitration in State Court, B&B moved for a temporary injunction. On December 19, 2017, Judge Gordo held an evidentiary hearing on B&B's Motion for Temporary Injunction. (B&B Action (State) Dkt. No. 102, exhibit A thereto, 12/19/17 Transcript).[7] During the injunction hearing, B&B's principal, Rafael Bild, contradicted his earlier Affidavit relied upon by this Court in its Remand Order. In his earlier Affidavit, Mr. Bild stated that upon the alleged expiration of the 2012 Agreements, B&B and Pandora Americas continued to do business pursuant to "a new verbal agreement and related understandings" as reflected in an unexecuted draft Master Franchise and Distribution Agreement (the "Draft MFDA") exchanged between the parties in 2015. (B&B Action (Fed) ECF No. 18-3, Bild Aff., ¶¶ 9-16). At the injunction hearing, however, Mr. Bild not only admitted that the parties never

---

[7] Pertinent portions of the December 19, 2017 transcript of the injunction hearing are attached hereto as **Exhibit 4.**

8

agreed to the terms of the draft MFDA, but that B&B objected to many of those terms because they deviated from the provisions of the 2012 Agreements.  (**Ex. 4,** 12/19/17 Tr. at 73:9-74:11; 82:10-22; 93:21-98:16). He further conceded that upon expiration of the Initial Term of the 2012 Agreements on July 31, 2015, the parties continued to do business as they had before that date. (*Id.* at 64:24-73:8).  In fact, Mr. Bild admitted that after the purported expiration of the 2012 Agreements, B&B entered sub-franchise agreements with customers that were expressly made pursuant to the MFA.  (*Id*. at 144:25-147:13).  In other words, after July 31, 2015, the parties continued to conduct business in accordance with the 2012 Agreements, and nothing from the Draft MFDA was incorporated into that conduct.

Based on this testimony, Judge Gordo denied B&B's request for a temporary injunction relying, in part, on her finding that the alleged oral agreement between B&B and Pandora Americas did not exist.  (*Id*. at 187:3-5 (finding that "there is no agreement period, between *the parties*. That was testified to by the plaintiff himself." (emphasis added))).  In its Notice of Removal, B&B mischaracterizes this finding by arguing that "Judge Gordo found that no agreement, much less an agreement to arbitrate existed." (ECF No. 1, ¶ 9).  Judge Gordo's finding at the injunction hearing referenced the absence of the alleged oral agreement between B&B and Pandora Americas, but did not speak to the 2012 Agreements and the applicability of the their arbitration provisions to B&B's claims in the B&B Action. In his later ruling, Judge Ruiz held that B&B's claims, in fact, were subject to the arbitration under the 2012 Agreements.  (**Ex. 1**, 2/23/18 Tr. at 117:13-128:14).

In light of the intervening injunction hearing and the reassignment of the B&B Action to Judge Ruiz, the State Court accepted supplemental briefing on the Motion to Compel Arbitration (B&B Action (State), Dkt. Nos. 102 & 103), and held a second hearing on that Motion on February 23, 2018.  (B&B Action (State), Dkt No. 105).  In light of Mr. Bild's testimony in contradiction

9

of his own prior Affidavit, Judge Ruiz granted the U.S. Defendants' Motion to Compel Arbitration of B&B's claims to the DIA – a motion that this Court did not address and denied as moot in its earlier Remand Order.

## C.   This Action Seeking Confirmation of the Final Award in the DIA Arbitration

In the interim, the DIA proceedings were resolved in Pandora's favor, and on February 22, 2018, Pandora filed this action in State Court seeking to confirm the Final Award in the DIA Arbitration.  In its Final Award (as it incorporated an earlier Partial Award on Jurisdiction),[8] the Sole Arbitrator found that this Court's procedural Remand Order did not preclude it from resolving the substantive question of Danish law regarding the disputed expiration of the 2012 Agreements. (Partial Award, ¶¶ 32-56, Petition Ex. 4).  On the merits, the Sole Arbitrator found that the 2012 Agreements were not assigned to Pandora Americas, Pandora A/S remained the contracting party, and the 2012 Agreements were extended by course of performance through the Renewal Term. (Final Award, ¶¶ 218.1; 218.4, Petition Ex. 1).  In further compliance with governing Danish law, the arbitrator awarded Pandora its costs (including its reasonable attorneys' fees) incurred in connection with the arbitration.  (Final Award, ¶¶ 218.5; 218.6, Petition Ex. 1).

By Notice dated March 21, 2018, Respondent B&B Jewelry, Inc. ("B&B") removed this case based in part on the All Writs Act.  (ECF No. 1, Notice of Removal, ¶¶ 19-25).  In its Notice of Removal, B&B asserts that Pandora's pursuit of its declaratory judgment claim in the DIA Arbitration and the requested confirmation of the Final Award contravened this Court's Remand Order in the B&B Action.  (*Id.*, ¶¶ 7, 12, 19-25).  B&B further references the post-remand

---

[8] A copy of the Sole Arbitrator's Partial Award on Jurisdiction dated June 23, 2017 ("Partial Award") is attached as Exhibit 4 to the Petition. The Final Award adopts and incorporates by reference, the Partial Award. (Final Award, ¶ 131, Petition Ex. 1).

10

proceeding in the State Court on the U.S. Defendants' Motion to Compel Arbitration as being inconsistent with this Court's Remand Order.  (*Id.*, ¶¶ 9-11).

## ARGUMENT

B&B's invocation of the All Writs Act as grounds for removing this case is baseless and all references to it should be stricken from the Notice of Removal pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP").

A. **The All Writs Act Does not Provide a Basis for Removal**

The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The All Writs Act "gives federal courts the power to issue injunctions in aid of their jurisdiction" and "empowers federal courts to issue injunctions to protect or effectuate their judgments."  *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993).  Federal courts may exercise this power in "appropriate circumstances," where a person is "in a position to frustrate the implementation of a court order or the proper administration of justice."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977).

The Supreme Court has held that the All Writs Act does not furnish removal jurisdiction because it confers no independent basis for federal jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441."). Thus, B&B's reliance on the pre-*Syngenta* case in *Nowling v. Aero Services International, Inc.*, 734 F. Supp. 733, 738 (E.D. La. 1990) as support for removal under the All Writs Act is misplaced and contrary to current federal law.  In addition, *Nowling* is factually distinguishable from this case as the prior federal order at issue was from a case in which a federal court had

previously issued "findings of fact and a stipulated order of dismissal" in conjunction with a settlement. Litigation of that earlier case prior to the court issuing its findings was described as "combat . . . without mercy, including three days of trial prior to settlement. *No issue went unexamined or unchallenged*." 734 F. Supp. at 740 (emphasis added). In sharp contrast, the Remand Order at issue here was a non-binding procedural ruling based on a limited record and premised on an Affidavit that has since been contradicted by the affiant himself. Thus, B&B's reliance on the All Writs Act as an independent basis for removal of this case is simply wrong as a matter of law.

B. **The Requested Confirmation of the Final Award Does Not Frustrate Implementation of the Prior Remand Order of this Court.**

Not only does the All Writs Act fail to provide a basis for removal of this action, but nothing about the requested confirmation of the Final Award frustrates the implementation of the this Court's earlier Remand Order. The Supreme Court has stated that "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances,'" when "the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1302 (2001) (Rehnquist, J., in chambers). The "legal rights" B&B contends it is afforded by the Remand Order, however, are far from "indisputably clear." To the contrary, the procedural Remand Order resolved only the limited question of federal subject matter jurisdiction over B&B's claims in the B&B Action, and was not conclusive of the arbitrability of either those claims or Pandora's declaratory judgment claims in the DIA

1. **The Procedural, Non-Binding Nature of the Remand Order.**

By virtue of 28 U.S.C. § 1447(d), "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." *Id.* As interpreted by the United States Supreme Court, this statutory limitation on appellate review applies to any order of remand

based on "a defect in removal procedure or ***lack of subject matter jurisdiction***." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006) (emphasis added) (citing 28 U.S.C. §§ 1447(c) & (d); *Thermtron Prods. Inc. v. Hermansdorfer*, 423 U.S. 336, 343-45 (1976)).  A remand order rendered non-appealable by Section 1447(d), therefore, is not binding on, and can be revisited by, a state court on remand.  *Id*. at 647 (citing *Standefer v. United States*, 447 U.S. 10, 23 (1980)) (collateral estoppel does not bar the state court from revisiting the claims because "§ 1447(d) prevents [appellants] from appealing the District Court's decision"); *see also New v. Sports & Recreation, Inc*., 114 F.3d 1092, 1096 (11th Cir. 1997) (citing *In re Decorator Indus. Inc.*, 980 F.2d 1371, 1374 (11th Cir. 1992)) (Section 1447(d) generally prevents a federal appellate court from reviewing a district court's order remanding a case back to state court for lack of subject matter jurisdiction, "even if the district court's decision is clearly erroneous."); *Dahlya v. Talmidge*, 371 F.3d 207, 210 (5th Cir. 2004) (federal district court's order simultaneously granting motion to remand and denying motion to compel arbitration under the Convention was only "jurisdictional and can be revisited by a state court on remand").  Indeed, "[i]ssues decided by a district court prior to remand in remanded claims bear no preclusive effect in subsequent state court proceedings." *In re C and M properties, LLC*, 563 F.3d 1156, 1166 (10th Cir. 2009); *see also Lindner v. Union Pacific R. Co.*, 762 F.3d 568, 571 (7th Cir. 2014) (observing that an order granting leave to amend, issued in conjunction with a remand order, was neither "unreviewable" nor the "law of the case" because the state courts are free to reject to federal courts' reasoning on remand).

In *Dahlya*, for example, the plaintiff filed a maritime personal injury action in Louisiana state court.  The defendants removed the case to federal district court based on an arbitration agreement that was allegedly subject to the Convention.  *Id*. at 208.  The federal district court found that the plaintiff's claims were not subject to arbitration under the Convention.  *Id*. at 209.

13

Accordingly, the district court simultaneously granted plaintiff's motion to remand for lack of subject matter jurisdiction and denied the defendant's motion to compel arbitration under the Convention. *Id*. The defendants then appealed the district court's denial of their motion to compel arbitration to United States Court of Appeal for the Fifth Circuit. *Id*. at 210.

The Fifth Circuit dismissed the appeal finding that the district court's order remanding the case to state court precluded the appellate court from exercising appellate jurisdiction to review the simultaneous order denying the defendant's motion to compel arbitration under the Convention. *Id*. at 211. The Fifth Circuit reasoned:

> The district court's refusal to compel arbitration and to stay proceedings is not reviewable under *Waco* because that refusal was **not conclusive.** Our precedent "has defined conclusiveness in terms of whether the order was 'substantive' or 'jurisdictional': if a decision is simply jurisdictional it is not conclusive." *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 486 (5th Cir. 2001). . . . In sum, ***when a district court makes a determination in the process of remanding a case for lack of jurisdiction, that determination is jurisdictional and can be revisited by a state court upon remand***.

*Id.* at 211(emphasis added); *see also Kirchner, supra*. ("While the state court cannot review the decision on remand in an appellate way, it is perfectly free to reject the remanding court's reasoning."); *see also Harrison v. NCL (Bahamas) Ltd*., 691 F.3d 1308, 1312-13 (11th Cir. 2012), *vacated due to settlement*, 707 F.3d 1254 (2013).

### 2. The Procedural Remand Order was not Conclusive on the issue Arbitrability of Pandora's Claims in the DIA or B&B's Claims as Asserted in the B&B Action.

As in *Dahlya*, the Remand Order from the B&B Action is procedural, not substantive in nature, as it is based on the Defendants' failure "to meet their burden in establishing that this Court has **subject-matter jurisdiction.**" 247 F.Supp.3d at 1287 (emphasis added). In sharp contrast to other cases in which this Court has considered motions to remand and to compel arbitration under the Convention simultaneously, this Court's Remand Order was expressly limited to the briefing

on the B&B's Motion to Remand and did not consider U.S. Defendants' Motion to Compel Arbitration and its supporting Declarations. *Compare Id*., *with Azevedo v. Carnival Corp.,* No. 08-20518-CIV, 2008 WL 2261195, at * 2 (S.D. Fla. May 30, 2008) ("Because these motions are inextricably intertwined, I will address both motions as one").  Thus, consistent with federal law, the Remand Order was not conclusive of the arbitrability of B&B claims, which has since been revisited by the State Court in the context of remanded proceedings.  Based, in part, on the fact that the Remand Order was based on the Affidavit of Mr. Bild, which was subsequently contradicted by the admitted absence of any oral agreement between B&B and Pandora Americas, the State Court has compelled B&B's claims in the B&B Action to arbitration in the DIA.

Just as the Remand Order was not binding on the State Court in deciding the arbitrability of B&B's claims in the B&B Action, the Remand Order did not preclude Pandora A/S from seeking a declaration of its rights under the 2012 Agreements in accordance with Danish law. (Partial Award ¶¶ 32-56, Petition Ex. 4).  As correctly held by the Sole Arbitrator, the question of whether the 2012 Agreements expired at the end of the Initial Term or were continued by course of performance into the Renewal Term is necessarily a question that must be determined under substantive Danish law**.**  (Final Award ¶¶ 148-55., Petition Ex. 1).  As explained by one of the leading United States scholars on the Convention:

> A choice-of-law agreement is effective to select the law governing the arbitration agreement even if the party denies the validity or existence of those agreements.  That is consistent with general choice-of-law principles, and is the approach applicable to choice of law under Article II [of the Convention]. . . .

Born, *International Commercial Arbitration,* 2nd Ed., 2014, Vol. III at 3464.  Not only is the application of Danish law required by the choice-of-law provision in the 2012 Agreements, it is also consistent with the doctrine of *lex loci arbitrari*, under which the law of the forum of

15

arbitration (*i.e.*, Copenhagen, Denmark) should govern the matter. *Id.* at 1363-65 (recognizing that even in the absence of a choice-of-law provision, the law of the arbitration forum normally governs the dispute).

Further, because the parties incorporated the DIA Rules into their arbitration agreement, jurisdiction over the substantive question of Danish law presented by the disputed expiration of the 2012 Agreements clearly rested with the arbitrator. As noted by the Sole Arbitrator, "Article 16(1) of the DIA Rules [provides]: 'The Arbitral Tribunal shall rule on its own jurisdiction also in relation to any objection as to the existence or validity of the arbitration agreement.'" (Partial Award ¶ 32, Petition Ex. 4). Thus, the Sole Arbitrator found that: "By incorporating the DIA Rules and by choosing Copenhagen as the seat of arbitration, the parties delegated to the Sole Arbitrator the right to rule on his own jurisdiction." (Partial Award ¶ 33, Petition Ex. 4). The Sole Arbitrator's decision in this regard is entirely consistent with the FAA. *See Terminix Int'l Co., LP v. Palmer Ranch, Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005) (applying similar provision of the Commercial Arbitration Rules of the American Arbitration Association) (collecting cases); *Senior Services of Palm Beach LLC v. ABCSP Inc.*, Case No. 12-80226-CIV, 2012 WL 2054971, at * 3 (S.D. Fla. June 7, 2012) (same).

This Court's Remand Order did not even address, much less form a final judgment on the merits of, the underlying question of Danish law—*i.e.*, whether the 2012 Agreements expired in 2015 or continued by course of performance into the Renewal Term, expiring on July 31, 2017. Similarly, the Remand Order did not deprive the arbitrator of jurisdiction to make a final determination on that issue. As the Sole Arbitrator properly exercised jurisdiction over and decided that issue on the merits, confirmation of the Final Award in favor of Pandora neither

contravenes, nor frustrates the implementation of the earlier Remand Order. Thus, the All Writs Act is inapplicable to this case.

### C. This Court Should Strike References to the All Writs Act in the Notice of Removal

As the All Writs Act does not provide grounds for removal and is otherwise inapplicable to this case, all references invoking the statute in the Notice of Removal form an insufficient defense and are immaterial to this case and, therefore, should be stricken. Specifically, this Court should strike paragraphs 7 and 19-25 of the Notice of Removal.

## CONCLUSION

**WHEREFORE**, this Court should enter the attached Order finding that the All Writs Act does not provide a basis for removal of this action and striking those portions of the Notice of Removal invoking the All Writs Act. This case should proceed with the merits of Pandora's Petition to Confirm the Final Award in accordance with Sections 205 and 207 of the Convention.

Dated: April 4, 2018	Respectfully submitted,

By: /s/ Manuel A. Garcia Linares
Manuel A. Garcia-Linares, Esq.
Florida Bar No. 985252
mlinares@richmangreer.com
brodriguez@richmangreer.com
Georgia A. Thompson, Esq.
Florida Bar No. 100181
gthompson@richmangreer.com

**Richman Greer, P.A**
396 Alhambra Circle
North Tower – 14th Floor
Miami, FL 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

and
John E. McCann, Jr., Esq.
(*pro hac vice*)
jmccann@MilesStockbridge.com
Megan McGinnis, Esquire
(*pro hac vice*)
mmcginnis@MilesStockbridge.com
**Miles & Stockbridge P.C.**
100 Light Street
Baltimore, Maryland 21202
Tel: 410.727.6464
Fax: 410.773.9101

*Counsel for Petitioners, Pandora A/S*
*& Pandora Jewelry, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic mail via the Court's ECF system, on April 4, 2018, on all counsel or parties of record on the service list.

By: /s/ Manuel A. Garcia-Linares
Manuel A. Garcia-Linares

**SERVICE LIST**
18-CV-21074-JAL

Daniel K. Bandklayder, Esq.
danb@dkb-law.com
**Daniel K. Bandklayder, P.A.**
11130 North Kendall Drive, Suite 104
Miami, FL 33176
Tel: (305) 670-0242
Fax: (305) 670-0211


Brandon J. Hechtman, Esq.
BHechtman@wickersmith.com
**Wicker Smith O-Hara McCoy & Ford, P.A.**
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL 33134
Tel: (305) 448-3939
Fax: (305) 441-1745

*Counsel for B&B Jewelry, Inc.*